UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRYL WATSON,

    Plaintiff,

Case No. 1:13-cv-327

v

HON. JANET T. NEFF

UNKNOWN WAKEFIELD, et al.,

    Defendants.
_____/

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action in March 2013, alleging various claims of unlawful retaliation. Defendants filed a Motion for Summary Judgment (Dkt 15), and the matter was referred to the Magistrate Judge. On August 7, 2014, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the objections and issues this Opinion and Order.

The Magistrate Judge determined that (1) Plaintiff's claims against Defendant Verboncour and Plaintiff's claims regarding his allegedly retaliatory transfer must be dismissed for failure to state

1

a claim on which relief may be granted (R&R, Dkt 25 at 8); (2) Defendants Winger, Brege, and Vailpando are entitled to qualified immunity (*id.* at 13); and (3) Defendant Wakefield's motion for summary judgment and qualified immunity be denied as to Plaintiff's claim that Defendant Wakefield withheld his work pay for unlawful retaliatory reasons (*id.* at 14).

In his objections, Plaintiff first argues that the Magistrate Judge erred in declining to resolve the exhaustion question presented in Defendants' motion and instead examining whether Plaintiff's complaint fails to state a claim (Objs., Dkt 26 at 1). Plaintiff's objection lacks merit. As the Magistrate Judge pointed out, because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if they fail to state a claim upon which relief can be granted (R&R, Dkt 25 at 8, citing 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case *at any time* if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted") (emphasis added)).

Plaintiff also challenges the Magistrate Judge's analysis, specifically, the Magistrate Judge's determination that he failed to allege facts in his complaint that would entitle him to prevail on his claim that he was transferred to another prison for unlawful retaliatory purposes (R&R, Dkt 25 at 10). Plaintiff argues that "he averred he was threatened several times with transfer to the Upper Peninsula to effectively prevent his elderly family from visiting him and the lost [sic] of his high paying job" (Objs., Dkt 26 at 1). He also points out that he submitted affidavits from witnesses "who directly heard Def. Brege and Winger threats [sic] to transfer Plaintiff 'Up North'" (*id.* at 2). However, Plaintiff's arguments do not demonstrate any factual or legal error by the Magistrate Judge, who properly concluded that Plaintiff's conclusory allegations are simply insufficient under the case law (R&R, Dkt 25 at 11, citing *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) ("prisoners are expected to endure more than the average citizen, and since transfers are common

2

among prisons, ordinarily a transfer would not deter a person of ordinary firmness from continuing to engage in protected conduct")). *See also Clark v. Johnston*, 413 F. App'x 804, 813 (6th Cir. 2011) (explaining that the Sixth Circuit Court of Appeals "did not accept that the defendant accurately characterized Siggers-El's conduct, as the conduct was not merely going over defendant's head, but rather was 'part of [Siggers-El's] attempt to access the courts'").

Last, Plaintiff challenges the Magistrate Judge's determination that Plaintiff cannot establish the adverse action or causation elements of his claims that Defendants Winger, Brege and Vailpando[1] retaliated against him by reducing his rate of pay (Objs., Dkt 26 at 2; R&R, Dkt 25 at 12). According to Plaintiff, "there is absolutely no evidence other than the Defendant's 'bare allegations' that Plaintiff ever engaged in negative behavior; (playing cards on work assignment, not tutoring prisoners)" (*id.*). Plaintiff emphasizes that the conflicting evidence between his claim that Defendants improperly reduced his pay for filing grievances versus Defendants' claim of "prorating" Plaintiff's pay for negative work performance is clearly a disputed question of material fact that should go to the jury (*id.* at 3-4).

Plaintiff's arguments are merely reiterations of the arguments he made in response to Defendants' motion. The Magistrate Judge correctly summarized and applied controlling legal principles in concluding that Defendants' evidence reveals that Defendants made "a reasonable, and penologically justified, decision to simply pay Plaintiff for the time he actually worked," and that Plaintiff, conversely, "failed to demonstrate that his protected conduct was in any way related to the

---

[1] Plaintiff also includes Defendant Wakefield "as it pertains to this claim" (Objs., Dkt 25 at 2); however, the inclusion is misplaced as the Magistrate Judge recommends that Defendants' motion be denied as to Plaintiff's claim that Defendant Wakefield withheld his work pay for unlawful retaliatory reasons.

3

alleged actions by Defendants" (R&R, Dkt 25 at 12).  Plaintiff identifies no factual or legal error by the Magistrate Judge that warrants a disposition different from the Magistrate Judge's recommendation.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 26) are DENIED, and the Report and Recommendation (Dkt 25) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 15) is GRANTED IN PART and DENIED IN PART; specifically, Plaintiff's claims are DISMISSED save his claim that Defendant Wakefield withheld his work pay for unlawful retaliatory reasons.


Dated: September  24 , 2014                     /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge